Filed 2/27/25  P. v. Guzman-Avalos CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL GUZMAN-AVALOS,<br><br>    Defendant and Appellant. | B335049<br><br>(Los Angeles County<br>Super. Ct. No. BA511630) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Renee Korn, Judge.  Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Defendant and appellant Manuel Guzman-Avalos appeals from a judgment after a jury trial where he was found guilty of violating Vehicle Code section 2800.2 for fleeing a pursuing police officer's motor vehicle while driving recklessly. Guzman-Avalos's only challenge on appeal is with respect to the trial court's imposition of a $1,500 fine. He argues the trial court incorrectly assumed the fine was mandatory rather than discretionary under Vehicle Code section 2800.2, subdivision (a). In the alternative, Guzman-Avalos argues his trial counsel was ineffective for failing to object to the imposition of the fine.

For the reasons stated below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Guzman-Avalos of one count of a felony violation of Vehicle Code section 2800.2 for fleeing a pursuing police officer's motor vehicle while driving recklessly. The evidence at trial showed that Guzman-Avalos led multiple officers, including an aerial patrol helicopter, in a car chase over several freeways and surface streets. During the 45-minute chase, he committed numerous moving traffic violations, including speeding, making unsafe lane changes, fluctuating in speed causing other vehicles to take evasive action to avoid a collision, failing to signal before changing lanes, and failing to stop at red light signals.

The trial court sentenced Guzman-Avalos to the middle term of two years in state prison. The trial court also imposed a $1,500 restitution fine. At the sentencing hearing, the trial court stated, "I'm ordering you to pay the following fines and fees: [¶] A restitution fine of $1,500. Vehicle Code section 2800.2 requires

2

that that [*sic*] fine be a minimum of $1,000.  The court believes that $1,500 is appropriate in this case."

Guzman-Avalos appealed.

## DISCUSSION

Guzman-Avalos's only challenge on appeal is against the $1,500 fine imposed by the trial court.  He argues the court misunderstood it had discretion whether or not to impose the fine under Vehicle Code section 2800.2.  Guzman-Avalos admits his trial counsel failed to object to the fine.  However, he argues if his appellate challenge was forfeited, he received ineffective assistance of counsel.  We find his challenge is forfeited and he has not sufficiently raised an ineffective assistance of counsel claim.

"We review a restitution order for abuse of discretion. [Citations.]  The abuse of discretion standard ' "asks in substance whether the ruling in question 'falls outside the bounds of reason' under the applicable law and the relevant facts." ' " (*People v. Baudoin* (2022) 85 Cal.App.5th 1184, 1191.)

"A party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial.  [Citation.]  The rule applies to 'cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons' [citation], but the rule does not apply when the sentence is legally unauthorized." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751 (*Gonzalez*).)

3

In addition to confinement upon conviction, Vehicle Code section 2800.2, subdivision (a), provides: "The court may also impose a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or may impose both that imprisonment or confinement and fine." Penal Code section 1202.4, subdivision (a), permits the trial court to impose a restitution fine in addition to any other penalty provided or imposed under the law. Penal Code section 1202.4, subdivision (b), provides: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (Pen. Code, § 1202.4, subd. (b).) "If the person is convicted of a felony, the fine shall not be less than three hundred dollars ($300) and not more than ten thousand dollars ($10,000)." (*Id.*, subd. (b)(1).)

Here, the $1,500 fine was authorized under either Vehicle Code section 2800.2 or Penal Code section 1202.4. Therefore, Guzman-Avalos's trial attorney was required to object to the trial court's reasoning for the fine in order to preserve that claim on appeal. Because he did not object, Guzman-Avalos's challenge to the fine is forfeited. (*Gonzalez*, *supra*, 31 Cal.4th at p. 751.)

We are also not persuaded that Guzman-Avalos's trial counsel's failure to object constituted ineffective assistance of counsel. On this point, we find *People v. Mitchell* (2022) 83 Cal.App.5th 1051 (*Mitchell*) instructive. There, the defendant pled no contest to violating Vehicle Code section 2800.2. (*Mitchell*, at p. 1055.) The trial court ordered the defendant to pay $5,129 under Vehicle Code section 2800.2. (*Mitchell*, at p. 1055.) Defense counsel did not object to the fine because he

4

believed it was " 'mandatory.' " (*Id*. at p. 1056.) On appeal, defendant argued his counsel was ineffective based on the failure to object. (*Id*. at pp. 1060–1061.) In rejecting this claim, the *Mitchell* court noted that the fine imposed under Vehicle Code section 2800.2 was not mandatory and assumed counsel's performance was deficient. (*Mitchell*, at p. 1060.) However, it held defendant could not meet the second element of his ineffective assistance of counsel claim—that counsel's deficient performance resulted in prejudice. (*Ibid*.) It reasoned that defendant offered no evidence that the trial court would have imposed a lesser fine had his counsel objected. (*Ibid*.) It noted that Vehicle Code section 2800.2 authorized the imposition of a fine and that the amount imposed was well below the $10,000 limit and was supported by the probation officer's recommendation. (*Mitchell*, at p. 1060.)

Like *Mitchell*, here, Guzman-Avalos has not offered any evidence that the trial court would impose a lesser fine. Indeed, during sentencing, the trial court described its reasons for the sentence imposed. "[T]he court was able to see his entire conduct of behavior. Everything was captured on video. The jury was able to see his entire conduct. [¶] The court notes that after seeing the evidence in this case, the defendant's conduct put people at risk. He had repeated opportunities in which he could have pulled over. He chose none of them until he was literally trapped. [¶] It is lucky that no one was injured or killed because of his behavior, and it appears to this court that the defendant has absolutely no remorse for anything that he's done. [¶] And, frankly, the defendant, in his testimony of court, which the court found to be incredible—meaning not having credibility to it— there too, he expressed no remorse for any of his actions."

5

Likewise, the probation report recommended a fine to be imposed in an amount to be determined by the court based on defendant's conduct.  That is what occurred here.  Accordingly, Guzman-Avalos has not shown any prejudice from his trial counsel's failure to object to the fine and he has pointed to nothing in the record to suggest the trial court would not have imposed the fine had his counsel objected.  (*Mitchell*, *supra*, 83 Cal.App.5th at p. 1060.)

## DISPOSITION

The judgment is affirmed.


VIRAMONTES, J.


WE CONCUR:


GRIMES, Acting P. J.


WILEY, J.

6